UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNA SUSAN OWEN, an individual,

              Plaintiff,

      v.

PREMERA BLUE CROSS, a
Washington non-profit corporation, and
THE UNIVERSITY OF PUGET
SOUND WELFARE AND FLEXIBLE
BENEFITS PLAN, an ERISA-qualified
plan,

              Defendant.

CASE NO. 3:18-cv-05292-RBL

ORDER REQUESTING
SUPPLEMENTAL BRIEFING

In this ERISA action, Plaintiff Anna Susan Owen and Defendant Premera Blue Cross have submitted cross motions for summary judgment. Dkt. ##18, 27. Premera argues that the Court should apply the abuse of discretion standard of review based on a provision in the University of Puget Sound's Benefits Plan granting Premera discretion to decide coverage eligibility. *See* Dkt. #18, at 5. Owen contends that de novo review is appropriate for a variety of reasons. However, the Court's research has revealed two other compelling bases for applying the de novo standard that neither party has addressed.

First, Washington State regulatory law provides that "[n]o contract [for health services] may contain a discretionary clause." WAC 284-44-015; WAC 284-44-010. While no court appears to have applied this regulation to invalidate a discretionary clause, one court has stated that it "clearly prohibits discretionary clauses in the health care services context." *Osborn by & through Petit v. Metro. Life Ins. Co.*, 160 F. Supp. 3d 1238, 1246 (D. Or. 2016); *see also Bourland v. Hartford Life & Acc. Ins. Co.*, No. C13-6056 BHS, 2014 WL 4748218, at *1 n.1 (W.D. Wash. Sept. 24, 2014). In addition, several courts have held that a nearly identical regulation voiding discretionary clauses in disability insurance policies is not preempted by ERISA, making de novo review mandatory for such policies. *See Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, No. C10-484 RSL, 2011 WL 617384, at *3 (W.D. Wash. Feb. 10, 2011) (upholding and applying WAC 284-96-012); *Landree v. Prudential Ins. Co. of Am.*, 833 F. Supp. 2d 1266, 1274 (W.D. Wash. 2011) (following *Murray*). If WAC 284-44-015 is similarly not preempted by ERISA, it would seem applicable to the Plan at issue here, which clearly provides health benefits.

Second, one Western District of Washington court has held that that binding Independent Review Process, which is statutorily mandated in Washington, negates the discretion that a plan may grant to the administrator. *K.F. ex rel. Fry v. Regence Blueshield*, No. C08-0890RSL, 2008 WL 4223613, at *2 (W.D. Wash. Sept. 10, 2008); *see also Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 384-86 (2002) (holding that state regulations may alter the standard of review in ERISA cases). Consequently, the court applied a de novo standard to both the administrator's decisions and the IRO's decision. *Fry,* WL 4223613, at *2. Owen utilized the IRO process after exhausting her other appeals so the reasoning from *Fry* may apply here.

1         Because these issues have not been raised by either party and have not been addressed

2   extensively in case law, the Court grants both parties the opportunity to submit one supplemental

3   brief each within ten days of this Order. Each brief should be *no more* than six pages in length.

4   Each brief should address both issues, especially the application of WAC 284-44-015.

5         IT IS SO ORDERED.

6

7         Dated this 1st day of April, 2019.

8

9                                    _____

10                                   Ronald B. Leighton
                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24